**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **MISC. ACTION 07-mc-00010-WS-B** |
| | * | |
| **JOSEPHINE JACKSON,** | * | |
| | * | |
| **Defendant.** | * | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Government's Petition to Enforce IRS Summons, supporting memorandum (Docs. 1, 2), and Proposed Order (Doc. 7).   This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) . Upon careful consideration of the record, it is **RECOMMENDED** that the Government's Petition be **GRANTED.**

## I.    Procedural Background

On April 11, 2007, the Government filed a Petition to Enforce an IRS Summons against Respondent Josephine Jackson and Josephine Jackson d/b/a Brandis Lounge pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1986.  (Docs.1, 2).  In its Petition and memorandum, the Government represents that Internal Revenue Service Officer Philip Ditto is conducting an investigation into the tax liability of Josephine Jackson and Josephine Jackson d/b/a Brandis Lounge for the following taxable periods:  September 30, 2004, and June 30, 2005.  (Doc. 2, at Exs. 1-4).  On  November 14, 2006,  Revenue Officer Ditto issued an Internal Revenue Summons directing Respondent  to appear before him on December 4, 2006, at 10:30 a.m., to testify and to produce the books, records, and documents demanded in the Summons.  (Doc. 2 at Ex. 1).

According to the Government,  the Summons was left at Respondent's last and usual abode on November 15, 2006; however, Respondent  failed to appear on  December 4, 2006, in response to the Summons. (Id. at Exs. 1, 2).  Respondent  also ignored two additional invitations by Officer Ditto  to appear as directed in the Summons. (Id. at Exs. 1-4).  On January 31, 2007, the Government mailed  Respondent  a "last chance" letter providing her with the date of February 26, 2007, to appear before Revenue Officer Ditto.  (Id. at Exs. 3, 4).  Subsequent thereto, the Government initiated the instant appeal.

On April 17, 2007, U.S. District Judge Steele ordered Respondent  to show cause by May 7, 2007, why the IRS summons should not be enforced against her.  (Doc. 3).  Respondent  did not respond to this Court's Order by the date provided, and to date, no response of any kind has been filed by Respondent.  On May 14, 2007, the Government filed a Status Report (Doc. 5)  noting the lack of response by Respondent.   On May 14, 2007, U.S. District Judge Steele ordered the Government to file, by May 21, 2007, a proposed enforcement order.  (Doc. 6).  On May 17, 2007, the Government filed its Proposed Order.  (Doc. 7).

## II.   **Discussion**

### A.   **Relevant Law**

The Secretary of the Treasury is authorized to summon a person to appear and to bring records and documents before him where relevant to an inquiry into a person's tax liability or the collection of that tax liability.  26 U.S.C. § 7602(a)[1].   Such authority may be delegated to officers

---

[1]Specifically, Section 7602 provides in part:

(a) Authority to summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized-

and employees of the Treasury Department.  26 U.S.C. §§ 7701(a)(11)(B) and (a)(12)(B).  If a person so summonsed fails to appear, district courts are granted jurisdiction to compel compliance by appropriate process, as follows:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402(b).  Additionally, Section 7604(b) provides that:

> Whenever any person summoned under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

In a proceeding seeking to enforce a summons,  the Government must show that: 1) the investigation is for a legitimate purpose; 2) the inquiry is  relevant to said purpose; 3) the

---

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

information sought is not already in the possession of the Internal Revenue Service; and 4) that the administrative steps of the Internal Revenue Service have been followed.  <u>See</u>, <u>e.g.</u>, <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).  The IRS may satisfy its minimal burden "merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." <u>La Mura v. United States</u>, 765 F.2d 974, 979 (11th Cir.1985).  Once the showing required by <u>Powell</u> has been made, the "burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." <u>Id</u>. at 979-980.

**B.     Analysis**

In the case <u>sub judice</u>, the Government contends that it has met its <u>prima facie</u> case for enforcement of the summons at issue, such that this Court should grant its Petition and order Respondent to appear and produce the documents demanded.  Indeed, the Government represents that the Summons was issued for proper purposes -- an investigation into the collection of federal tax liabilities of Respondent; the information sought is not already in possession of the Internal Revenue Service; the administrative steps required by the Internal Revenue Code for the issuance of the Summons have been taken; it is necessary to obtain them in order to properly investigate the federal tax liability of the Brandis Lounge for certain taxable periods, and that  there has not been a criminal referral to the Department of Justice.  (Doc. 2 and Exhibits  attached thereto).  Despite being afforded an opportunity to do so, Respondent has failed to respond, in any manner, to the Government's Petition and request for summons enforcement, much less contest same.  Respondent has also failed to respond to the Court Order directing her to show cause why the summons should not be enforced against her.

As found by District Judge William Steele in his Show Cause Order (Doc. 3), the Government has made its prima facie showing under Powell. (Docs. 1 and 2 at Exs. 1-4). Namely, based upon the representations set forth in the Declarations and Exhibits submitted by the Government, the investigation is for a legitimate purpose, the inquiry is relevant to said purpose, the information sought is not already in the possession of the Internal Revenue Service, the administrative steps of the Internal Revenue Service have been followed, and there has been no criminal referral of this matter to the Department of Justice.[2] (Id.) Although Judge Steele's Show Cause Order (Doc. 3) provided Defendant an opportunity to contest the summons, and expressly cautioned her that the failure to respond in a timely fashion "will result in entry of an order compelling Respondent to fully comply with the IRS Summons within a specified time frame, and may result in further sanctions against her," Respondent failed to file a response, and has offered no explanation to comply with an Order of this Court. Accordingly, the undersigned finds that the Government's Petition is due to be granted.

## III.   Conclusion

For the reasons set forth herein, and upon careful consideration of the record, it is **RECOMMENDED** by the undersigned Magistrate Judge that the Government's Petition be **GRANTED** and that Respondent be required to appear before the undersigned Magistrate Judge on **June 22, 2007,** at **11:00 a.m.,** in Courtroom **1-A** of the United States District Court, 113 St. Joseph

---

[2]In a petition for enforcement of a summons, the IRS need only make a preliminary showing, "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." Powell, 379 U.S. 48, 57-58. See also United States v. LaSalle National Bank, 437 U.S. 298, 313 (1978). Once the IRS fulfills this initial burden of showing a good-faith issuance of the summons, the burden then shifts to the taxpayer to prove the IRS failed to meet its burden or that the enforcement of the summons constitutes an abuse of the court's process. Powell, 379 U.S. at 58.

St., Mobile, Alabama, 36602,  produce those documents and records demanded in said Summons at such time, and  fully comply  with the Summons.  Moreover, at the hearing, Respondent should be required to show cause why sanctions should not be entered against her for failure to obey an Order of this Court.

The Government is directed to inform the Court immediately if Respondent complies with the Summons on or before the above-scheduled appearance date.

The clerk is directed to mail a copies of the Summons, this Order, the Petition and related memorandum with supporting exhibits, and Judge Steele's Order (Doc. 3), to Respondent at the following address:  Josephine Jackson, 321 Cedar Drive, Mobile, Alabama, 36617.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation.</u>

DONE this **24th** day of **May 2007.**

                **_____/s/ SONJA F. BIVINS_____**
                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.